[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
 Facts
Presently before the court is the motion to strike filed by the defendant Windham Community Memorial Hospital.
The plaintiff, Donald Roux, filed the complaint in this action on CT Page 7981 October 15, 2001, alleging the following facts. The plaintiff went to the office of the defendant physician, Stephen J. Leach, on March 9, 2001 to have his blood pressure and blood sugar checked. After a brief examination, Leach informed the plaintiff that he had called an ambulance to take the plaintiff to the defendant hospital to have a CT scan of his head. Despite the plaintiffs objections, the doctor insisted that the plaintiff must go to the hospital. When the ambulance arrived, employees of the defendant Willimantic fire department forced the plaintiff into the ambulance despite the plaintiffs statements that he did not want to go. Upon arriving at the defendant hospital, the plaintiff was forced to undress and the employees of the hospital took the plaintiffs clothes from him in order to prevent him from leaving. Despite the plaintiffs repeated requests, he was not given his clothes. The plaintiff continued to state that he did not want the CT scan and needed to go home to care for his mother, but the hospital's security personnel would not permit him to leave. A physician employed by the hospital appeared in the emergency room and told the plaintiff that he had to stay. Later, a psychiatrist appeared at the hospital and examined the plaintiff. The psychiatrist determined that the plaintiff exhibited no confusion or psychotic symptomology and did not need to be hospitalized. The plaintiff was then discharged from the hospital at which time a nurse brought him his socks and shoes. At no time did the hospital or its agents, servants or employees request or receive an emergency certificate prepared pursuant to General Statutes § 17a-502.[1] The defendant alleges that he was falsely imprisoned and has suffered an aggravation of a back injury as well as humiliation and emotional distress.
On January 9, 2002, the defendant hospital filed a motion to strike the complaint on the ground that the plaintiff has failed to file a certificate of good faith, pursuant to General Statutes § 52-190a, stating that the plaintiff has made a reasonable inquiry giving rise to a good faith belief that grounds exist for a medical negligence claim. The motion to strike is accompanied by a memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion to strike on February 21, 2002.
 Discussion
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the CT Page 7982 complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d (1997).
The defendant hospital moves to strike the complaint because the plaintiff has failed to attach a certificate of good faith pursuant to General Statutes § 52-190a (a). The plaintiff argues that the complaint states a cause of action for the intentional tort of false imprisonment rather than medical malpractice, and that § 52-190a (a) is therefore inapplicable.
General Statutes § 52-190a (a) provides in relevant part: "No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant."
"The purpose of the certificate is to evidence a plaintiffs good faith derived from the precomplaint inquiry. It serves as an assurance to the defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence. . . . [T]he absence from the plaintiff of the statutorily required good faith certificate renders the complaint subject to motion to strike pursuant to Practice Book § [10-39] (1) for failure to state a claim upon which relief can be granted. . . ." LeConchev. Elligers, 215 Conn. 701, 711, 579 A.2d 1
(1990).
By its express terms, § 52-190a (a) applies only to actions "to recover damages resulting from personal injury or wrongful death . . . in which it is alleged that such injury or death resulted from the negligence of a health care provider. . . ." The statute does not apply to actions based solely on intentional conduct. Triano v. Firzpatrick, Superior Court, judicial district of New Britain, Docket No. 494828 (February 17, 2000, Graham, J.) (counts alleging intentional or reckless conduct by health care providers do not require certificate of good faith); Pascarelli v. Corning Clinical Laboratories, Inc., Superior CT Page 7983 Court, judicial district of Danbury, Docket No. 325312 (March 25, 1997,Moraghan, J.) (19 Conn.L.Rptr. 82-84) (count alleging wilful conduct not subject to the requirements of § 52-190a). "That false imprisonment is an intentional tort . . . is well settled. Rivera v. Double ATransportation, Inc., 248 Conn. 21, 31, 727 A.2d 204 (1999). The court must therefore determine whether the complaint alleges false imprisonment or medical malpractice.
"False imprisonment is the unlawful restraint by one person of the physical liberty of another. . . . Any period of such restraint, however brief in duration, is sufficient to constitute a basis for liability. . . . To prevail on a claim of false imprisonment, the plaintiff must prove that his physical liberty has been restrained by the defendant and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly." (Citations omitted; internal quotation marks omitted.) Berry v. Loiseau, 223 Conn. 786, 820,614 A.2d 414 (1992). "False imprisonment comes within the category of intentional torts for which the remedy at common law was an action of trespass. . . . A person is not liable for false imprisonment unless his act is done for the purpose of imposing a confinement, or with knowledge that such confinement will, to a substantial certainty, result from it. . . . Nothing less than a rather extreme brand of recklessness will substitute for the standard requirement of intention in false imprisonment cases." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., supra, 248 Conn. 31-32.
"[P]rofessional negligence or malpractice . . . [is] defined as thefailure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services. . . . Furthermore, malpractice presupposes some improperconduct in the treatment or operative skill [or] . . . the failure to exercise requisite medical skill. . . . [T]he relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." (Citations omitted; emphasis in original; internal quotation marks omitted.) Trimel v. Lawrence Memorial Hospital RehabilitationCenter, 61 Conn. App. 353, 357-58, 764 A.2d 203, cert. granted, 255 Conn. 948, 769 A.2d 64, appeal dismissed, 258 Conn. 711, 784 A.2d 889 (2001). CT Page 7984
Reading the complaint in the light most favorable to the plaintiff, the court concludes that it sounds in false imprisonment. The plaintiff alleges that the agents of the defendant hospital took his clothing and refused to allow him to leave despite his repeated requests. The plaintiff also specifically alleges that his clothes were taken in order to prevent him from leaving. These facts, if proven, would be adequate to establish that the plaintiff was restrained against his will and that the hospital's actions were done with the purpose of imposing a confinement, or with knowledge that such confinement would, to a substantial certainty, result from them. The complaint therefore contains sufficient facts to constitute a claim of false imprisonment.
Moreover, the allegations of the complaint are insufficient to state a claim for medical malpractice. The defendant hospital argues that the plaintiffs claim is based on the alleged failure of the hospital to adhere to the applicable standard of care and to obtain an emergency certificate pursuant to General Statutes § 17a-502.[2] Contrary to the defendant's assertion, there are no allegations in the complaint that any person rendering medical treatment or diagnosis failed to adhere to the applicable standard of professional care. Furthermore, the complaint does not allege that the hospital was negligent in failing to obtain an emergency certificate. Instead, the complaint, taken as a whole and viewed in the light most favorable to the plaintiff, alleges that the plaintiffs confinement was unlawful, and therefore constituted false imprisonment, because an emergency certificate was not filed.
 Conclusion
The court agrees with the plaintiff that the complaint states a cause of action for the intentional tort of false imprisonment rather than medical malpractice. The plaintiff is therefore not required to file a certificate of good faith pursuant to General Statutes § 52-190a
(a). Accordingly, the motion to strike filed by the defendant Windham Community Memorial Hospital is hereby denied.
___________________ Martin, J.