[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Felipe Cordero and Lillian Cordero, on behalf of herself and as executrix of the estate of their minor son, Elvis Cordero, filed a thirteen-count substituted complaint on May 25, 2001, against the defendants, Optimum Home Care of Connecticut, Inc., the successor corporation to Health Resources Home Care, Inc. (Optimum), and its agents, Mary Paglinco, Patricia Egan and Cheryl O'Connell. This complaint arose out of the allegedly negligent and careless medical treatment administered to Elvis Cordero by Optimum and its agents. Optimum and Egan filed a motion to strike (# 153) count one (paragraph one), count two (paragraph five), count three (paragraph five), count four (paragraph eight), count ten and count thirteen of the substituted complaint on November 8, 2001. The Corderos filed a memorandum in opposition to the motion to strike on November 15, 2001. On November 21, 2001, the other codefendants, Health Resources Home Care, Inc., Paglinco and O'Connell filed a motion to strike (# 156) and adopted the arguments set forth in the memorandum of law filed by Optimum and Egan. On December 5, 2001, the Corderos filed a memorandum in opposition to the November 21, 2001 motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferrymanv. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedCT Page 10971Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
 A
The defendants argue that the motion to strike count two (paragraph five), count three (paragraph five) and count four (paragraph eight) of the substituted complaint should be granted because Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice context and, therefore, the plaintiff fails to state a legally sufficient cause of action. Furthermore, the defendants argue that the motion to strike count one (paragraph one) should be granted because the language is written in the present tense and the minor plaintiff is now deceased. The plaintiffs argue that the motion to strike count two (paragraph five), count three (paragraph five) and count four (paragraph eight) should be denied because the defendants erroneously argue that Elvis Cordero's claim for severe pain, mental anguish and distress of mind is being made by his mother Lillian Cordero personally, rather than as the Executrix of Elvis Cordero's estate.
Counts one through six each allege, based on specified acts or omissions of various agents and employees of Optimum, that "Elvis Cordero . . . suffered injuries to various parts of his body" which caused "severe pain, mental anguish, and distress of mind." (Count one, ¶ 5; count two, ¶ 5; count three, ¶ 5; count four, ¶ 8; count five, ¶ 5; count six, ¶ 5.) Counts one, five and six, in the respective paragraphs just cited, explicitly state that the injuries caused "Elvis Cordero severe pain, mental anguish, and distress of mind," while counts two, three and four, in the respective paragraphs just cited, state instead that the injuries caused "the Plaintiff severe pain, mental anguish, and distress of mind." The defendants' motion to strike these latter three paragraphs is apparently based upon their erroneous interpretation that "the Plaintiff" as used therein means Lillian Cordero individually. It is clear, however, especially in light of the immediately preceding reference to Elvis Cordero, that "the Plaintiff" refers to Elvis Cordero, and not Lillian Cordero individually.
Moreover, "[w]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.)Moss Ledge Associates, LLC v. Firestone Building Products Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170167 (October 27, 1999, Karazin, J.). CT Page 10972
In the present case, the paragraphs of counts one, two, three and four that the defendants argue should be stricken do not purport to state individual causes of action. In addition, the grounds asserted for striking count one (paragraph one) are more appropriately asserted with a request to revise. Therefore, the motion to strike count one (paragraph one), count two (paragraph five), count three (paragraph five) and count four (paragraph eight) is denied.
 B
The defendants argue that the motion to strike count ten of the substituted complaint should be granted because Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice context and, therefore, the plaintiff fails to state a legally sufficient cause of action in that count. The plaintiffs contend that the motion to strike count ten should be denied because it is not a claim for bystander emotional distress but a claim for direct negligent infliction of emotional distress based on "unprofessional labor practices," namely, that the defendant employees neither came to work as scheduled nor called to advise that they would not be working.
To state a claim for bystander emotional distress, the bystander must be: (1) closely related to the injured victim; (2) the bystander's emotional injury must be caused by a contemporaneous sensory perception of the event or the conduct that causes the injury, or by witnessing the victim immediately after the injury to the victim if no material change has occurred with respect to the victim's location and condition; (3) the injury to the victim must be substantial, resulting in either death or serious physical injury; and, (4) the bystander must sustain a serious emotional injury, which is a reaction beyond that to be anticipated in a disinterested witness and which is not an abnormal response to the injury producing event. See Clohessy v. Bachelor, 237 Conn. 31, 56, 675 A.2d 853
(1996). Our Supreme Court held, however, that there is no cause of action for bystander emotional distress in Connecticut in the context of medical malpractice cases. See Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059
(1988). "To allow recovery by one . . . who has been more or less constantly `at the bedside' of the malpractice victim during the period of treatment is likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted. Such a response by providers of medical care to the risk of liability to visitors whose sensitivity and relationship to the patient may result in emotional disturbances from observing treatment of loved ones that they view as improper would seem inevitable if such claims were to become more frequent. The restriction of current CT Page 10973 liberal practices with respect to patient visitation in order to reduce the incidence of bystander emotional disturbance claims would be a regrettable social consequence of enlarging the right to recover for emotional disturbances based upon the impact of medical malpractice upon bystanders." Id., 402-03.
There has been a split of authority among Superior Court cases as to whether the rule in Clohessy or the rule in Maloney should be applied in situations of medical malpractice. A minority of Superior Court cases has held that bystander emotional distress in the context of medical malpractice is permissible. See Hansen v. Mohegan Fire Co., Inc., Superior Court, judicial district of New London at Norwich, Docket No. 111388 (October 1, 2001, Corradino, J.) (30 Conn.L.Rptr. 572); DeRosav. Master, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 067788 (August 24, 2000, Nadeau, J.) (27 Conn.L.Rptr. 714). The majority of Superior Court cases, however, have ruled that Maloney is viable and that there can be no cause of action for bystander emotional distress in a medical malpractice action. See Wattman v. New Hartford Volunteer FireDept. Ambulance Service Inc., Superior Court, judicial district of Waterbury, Docket No. 156795 (October 10, 2001, Rogers, J.) (30 Conn.L.Rptr. 554); Torres v. American Medical Responseof Connecticut, Inc., Superior Court, judicial district of Hartford, Docket No. 802360 (September 6, 2001, Peck, J.).
In the present case, count ten of the substituted complaint alleges that Optimum was responsible for the negligent infliction of emotional distress on the plaintiffs when several of its employees failed to show-up at work and failed to call to advise the plaintiffs that they would not be working. Count ten does not purport to state a cause of action for bystander emotional distress in the first instance, and therefore the rule expressed in Maloney v. Conroy, supra, 208 Conn. 392, barring such claims in the context of medical malpractice, is inapplicable. Accordingly, the motion to strike count ten is denied.
 C
The defendants argue that the motion to strike count thirteen of the substituted complaint should be granted because Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice context and, therefore, the plaintiff fails to state a legally sufficient cause of action in that count. The plaintiffs argue that the motion to strike count thirteen should be denied because, although it is a claim for bystander emotional distress, it is based upon physical assault, abandonment and destruction of personal property, not medical malpractice. CT Page 10974
In the present case, count thirteen, as the plaintiffs agree, does in fact allege a cause of action for bystander emotional distress. As discussed above, a claim for bystander emotional distress in the context of medical malpractice is legally insufficient in Connecticut. Maloneyv. Conroy, supra, 208 Conn. 392. Thus, the issue is whether count thirteen alleges negligent acts or omissions that are properly classified as medical malpractice or simply ordinary negligence.
"The classification of a negligence claim as either medical malpractice or ordinary negligence requires a court to review closely the circumstances under which the alleged negligence occurred. [P]rofessional negligence or malpractice . . . [is] defined as the failure of onerendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . . Furthermore, malpractice presupposes some improper conduct in thetreatment or operative skill [or] . . . the failure to exercise requisite medical skill. . . . [T]he relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." (Citations omitted; emphasis in original; internal quotation marks omitted.) Trimel v. Lawrence Memorial Hospital Rehabilitation Center, 61 Conn. App. 353, 357-58,764 A.2d 203, appeal dismissed, 258 Conn. 711, 784 A.2d 889 (2001).
In the present case, count thirteen incorporates by reference the allegations of counts one through eleven, thereby incorporating allegations of both medical malpractice and ordinary negligence. For example, the allegations of counts one through six, alleging specified negligent acts and omissions in the medical care and treatment of Elvis Cordero by various nurses employed by Optimum to provide home health care, are clearly allegations of medical malpractice. By contrast, count nine, alleging negligent injury to property, and count ten, alleging negligence in failing to show up for work, do not involve negligence "substantially related to medical diagnosis or treatment and involv[ing] the exercise of medical judgment." Trimel v. Lawrence Memorial HospitalRehabilitation Center, supra, 61 Conn. App. 358. Thus, it is clear that count thirteen, by incorporating by reference the allegations of counts one through eleven, asserts a cause of action for bystander emotional distress in the contexts of both medical malpractice and ordinary CT Page 10975 negligence.[1] Accordingly, insofar as count thirteen incorporates by reference assertions of bystander emotional distress in the context of medical malpractice, the motion to strike count thirteen is granted.
Accordingly, based on the foregoing, the motion to strike count one (paragraph one), count two (paragraph five), count three (paragraph five), count four (paragraph eight) and count ten of the substituted complaint is denied, and the motion to strike count thirteen of the substituted complaint, insofar as it alleges bystander emotional distress in the context of medical malpractice, is granted.
BY THE COURT
Gilardi, J.