## NYDIA MELENDEZ *v.* THE HOME DEPOT, INC., ET AL.
### (AC 19864)

Landau, Spear and Mihalakos, Js.

Argued November 27, 2000—officially released February 6, 2001

*Dominick C. Statile,* with whom, on the brief, was *James J. Rush, Jr.,* for the appellants (defendants).

*Brenden P. Leydon,* with whom, on the brief, was *Francis J. Ficarra,* for the appellee (plaintiff).

*Opinion*

LANDAU, J. The defendants, The Home Depot, Inc. (Home Depot), Insurance Company of Pennsylvania

and GAB Robins North America, Inc.,[1] appeal from the decision of the workers' compensation review board (board) affirming the finding and award of compensation by the workers' compensation commissioner (commissioner) to the plaintiff, Nydia Melendez. The defendants claim that the board improperly concluded that their obligations under the Workers' Compensation Act, General Statutes § 31-275 et seq., were not discharged because the plaintiff received unauthorized medical treatment outside Connecticut.[2] We affirm the decision of the board.

The commissioner found the following facts. The plaintiff was employed by Home Depot on April 21, 1996. On that day, the plaintiff injured her left arm during the course of her employment. Home Depot later voluntarily accepted liability for the plaintiff's injury. The plaintiff initially received treatment for her injury in Connecticut from Edward M. Staub, a physician. In August, 1996, because the plaintiff was suffering from chronic pain and was not responding to the initial course of treatment, Staub performed surgery on the plaintiff's left shoulder. Because the plaintiff needed someone to care for her son while she was recovering from the surgery, the plaintiff sent the child to live with her sister in Pennsylvania. After surgery, the plaintiff continued to suffer chronic pain. She was unable to bathe or dress herself, and she required help with her

---

[1] Subsequent to the filing of the defendants' briefs in this court, Sedgwick Claims Management Services, Inc., replaced GAB Robins North America, Inc., as the third party administrator of the claim at issue in this appeal.

[2] Pursuant to Practice Book § 63-4, the plaintiff filed a statement of an alternate ground on which the decision of the board should be affirmed. The plaintiff's alternate ground is that a reversal in favor of the defendants would result in undue interference with the plaintiff's right to travel in violation of the Connecticut and United States constitutions. The defendants' remaining claim is, in essence, not a claim, but rather a rebuttal of the plaintiff's alternative ground. Because we affirm the decision of the board, we need not address the plaintiff's alternate ground or the defendants' rebuttal.

daily personal and medical needs. Accordingly, in September, 1996, Staub referred the plaintiff to Lawrence Kirschenbaum, a pain specialist in Connecticut. On October 1, 1996, Kirschenbaum evaluated the plaintiff and recommended a course of treatment. Later that month, because she needed help in caring for herself, the plaintiff moved to her sister's home in Pennsylvania.

In Pennsylvania, several physicians evaluated and treated the plaintiff. In January, 1997, one of those physicians, Wilmer S. Trinkle, rendered his opinion that the plaintiff was totally disabled for an indefinite period. The plaintiff continued to receive treatment from physicians in Pennsylvania through April, 1997. That month, the plaintiff and her sister moved from Pennsylvania to Texas, where the plaintiff established a permanent residence.

In Texas, the plaintiff continued treatment with a physician, Joe G. Gonzalez. By May, 1997, Gonzalez had concluded that the severity of the plaintiff's disability was increasing and that for the plaintiff to achieve optimal recovery and to return to work, she needed to be near the structure and support that only her family could provide.

In November, 1997, Home Depot filed a form 36[3] with the commissioner seeking termination of the plaintiff's workers' compensation benefits because she did not have documentation from an authorized treating physician stating that she was totally disabled. Home Depot also denied liability for the plaintiff's out-of-state medical treatment because her treating physicians were not authorized within the chain of referral. The commis-

---

[3] A form 36 notifies the workers' compensation commissioner and the person claiming benefits that the employer and its insurer intend to discontinue compensation payments. The content of the form is set out by General Statutes § 31-296. *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 38 n.1, 668 A.2d 1346 (1996).

sioner denied the defendants' form 36 and found that the defendants were liable for the plaintiff's out-of-state medical treatment because the treatment was reasonable and necessary.[4] The board affirmed the commissioner's ruling, and this appeal followed.

"We first note our standard of review. The commissioner has the power and the duty to determine the facts." *Mulroy* v. *Becton Dickinson Co.*, 48 Conn. App. 774, 776, 712 A.2d 436 (1998). "The role of this court is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) Id., 777.

The defendants claim that the board improperly affirmed the commissioner's decision that the defendants are liable for the plaintiff's out-of-state medical treatment. Specifically, the defendants argue that case law interpreting our Workers' Compensation Act provides that out-of-state medical treatment is permitted only when equally beneficial treatment is not available in Connecticut. The defendants further argue that they are not liable because the plaintiff did not prove that she could not receive the treatment she needed in Connecticut. We disagree.

"It is well settled that the legislature's longstanding policy has been that our Workers' Compensation Act . . . is remedial in nature and should be broadly construed to accomplish its humanitarian purpose." (Citation omitted; internal quotation marks omitted.) *Cummings* v. *Twin Mfg., Inc.*, 29 Conn. App. 249, 256, 614 A.2d 857 (1992). The compensation review division has construed the Workers' Compensation Act "to per-

---

[4] The commissioner concluded that the defendants were not liable for some of the out-of-state medical treatment. That treatment, is not, however, the subject of this appeal.

mit out of state treatment when there is good reason, such as the need for a specialized type of treatment . . . *or under other proper circumstances* . . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., citing J. Asselin, Connecticut Workers' Compensation Practice Manual (1985) p. 183 n.329. Good reason exists for out-of-state medical treatment when the treatment is reasonable and necessary. *Cummings* v. *Twin Mfg., Inc.*, supra, 259.

Relying on the facts in *Cummings*, the defendants argue that they cannot be liable for the plaintiff's out-of-state medical treatment because the commissioner did not hold an evidentiary hearing to determine whether the plaintiff could have received equally beneficial treatment in Connecticut. In *Cummings*, we held that the commissioner had the authority to order out-of-state medical treatment. Id., 256–57. We remanded the case, however, so that the commissioner could conduct an evidentiary hearing to determine whether the claimant, who was a resident of Connecticut, could receive equally beneficial treatment in Connecticut. The defendants misinterpret *Cummings* and argue that a similar evidentiary hearing is required here because the plaintiff received treatment out of state.

The test for determining whether the commissioner can order payment for out-of-state medical treatment is whether the treatment is reasonable and necessary. Id., 259. The evidentiary hearing ordered in *Cummings* was simply a means by which the commissioner could determine if the treatment was reasonable and necessary. We expressly stated that the hearing was required by "the circumstances of [the] case." Id. The facts of this case are distinguishable from those in *Cummings*. First, unlike the situation in *Cummings*, the plaintiff here is seeking payment for out-of-state treatment that she received while she resided outside Connecticut. Second, the commissioner in this case has already con-

cluded that the plaintiff's treatment was reasonable and necessary.

Applying our standard of review, we cannot say that the board's affirmance of the commissioner's decision resulted from an incorrect application of the law to the facts or that it rested on an illegal or unreasonable inference drawn from the facts. In fact, under the circumstances of this case, we think it would be patently unreasonable and unnecessary to require the plaintiff to travel from Texas to Connecticut simply to receive medical care readily available in Texas. We therefore conclude that the board properly affirmed the commissioner's decision.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.