[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#116)
I
 FACTS
On April 9, 2002, the plaintiffs, Debra Blais, individually, and as next of friend to her minor son, Dereck Blais, commenced this action against the defendant, New England Center for Hearing Rehabilitation, LLC. The amended complaint, dated October 8, 2002, is the operative complaint for the purposes of this decision and contains four counts alleging negligence (count one) and res ipsa loquitur (count four) as to Dereck Blais, and medical bill reimbursement (count two) and negligent infliction of emotional distress (count three) as to Debra Blais.
On October 25, 2002, the defendant filed a motion to strike the plaintiffs' amended complaint in its entirety, and, separately, count three of the amended complaint. On November 6, 2002, the plaintiffs filed a memorandum of law in opposition to the defendant's motion to strike. The court heard argument on the matter on November 25, 2002.
 II DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[T]he absence from the complaint of the statutorily required good faith certificate renders the complaint subject to motion to strike . . . for failure to state a claim upon which relief can be granted . . ." (Citations omitted.) LeConche v. Elligers, 215 Conn. 701, CT Page 3124 711, 579 A.2d 1 (1990).
The defendant moves to strike the entire amended complaint on the ground that the plaintiffs fail to state a claim upon which relief could be granted because they did not attach a good faith certificate to their amended complaint as required pursuant to § 52-190a.[1] The defendant further moves to strike count three of the amended complaint on the ground that the plaintiffs fail to state a cause of action for negligent infliction of emotional distress.
The plaintiffs, in opposition, argue that they have alleged a cause of action sounding in negligence, not medical malpractice and, therefore, a good faith certificate is not required. The plaintiffs contend that the defendant is not subject to the protections of § 52-190a because it is not a health care provider. The plaintiffs argue, in the alternative, that if a good faith certificate is required then they will cure the defect by supplying one to the court. The plaintiffs cite Trimel v.Lawrence Memorial Hospital Rehabilitation Center, 61 Conn. App. 353,764 A.2d 203, cert. panted on other grounds, 255 Conn. 948, 796 A.2d 64, appeal dismissed, 258 Conn. 711, 784 A.2d 889 (2001), in support of this argument.[2] In response to the defendant's motion to strike count three of the amended complaint, the plaintiffs argue that they have sufficiently pleaded a cause of action for negligent infliction of emotional distress as to Debra Blais.
 A
The defendant first argues that its motion to strike the entire amended complaint should be granted because the complaint sounds in medical malpractice and the plaintiffs have failed to attach a good faith certificate to their complaint pursuant to § 52-190a. The defendant contends that "[f]itting a child for a hearing aid by nature requires the provider to possess a degree a medical skill." (Defendant's Memorandum, p. 5.) The defendant cites to the plaintiffs' complaint, which alleges that Dereck Blais has a fear of physicians due to his alleged injury, in further support of its argument that this a medical malpractice action, and not negligence. Finally, the defendant argues that even though the plaintiffs allege negligence in their amended complaint and disregard the customary language associated with a medical malpractice action, this does not change the underlying nature of the plaintiffs' action.
In response, the plaintiffs argue that a good faith certificate is not required because this action is based in ordinary negligence and not medical malpractice. The plaintiffs contend that Dereck Blais' injuries were caused by the negligence of the defendant and, based on a good faith CT Page 3125 belief that this is a negligence action, the plaintiffs are not required to file a good faith certificate. The plaintiffs cite to Armao v.American Honda Motor Corp. , 917 F. Sup. 142 (D. Conn. 1996), in support of this argument. The plaintiffs' main contention is that the defendant is not a health care provider and, therefore, it should not be afforded the protections provided under § 52-190a.[3]
There are two requirements that must be met in order for a defendant to fall under the purview of § 52-190a. Wood v. American MedicalResponse of Connecticut, Inc., Superior Court, judicial district of Hartford, Docket No. CV 99 0588557 (May 28, 2002, Beach. J.) (32 Conn.L.Rptr. 278, 279). First, the defendant must be a health care provider as defined by General Statutes § 52-184b.[4] SeeBruttomesso v. Northeastern Conn. Sexual Assault Crisis Services, Inc.,242 Conn. 1, 8-9, 698 A.2d 795 (1997) (holding that the definition of a health care provider provided in § 52-184b is applicable to §52-190a). Second, the action must sound of medical malpractice and not negligence. Wood v. American Medical Response of Connecticut, Inc.,supra, 32 Conn.L.Rptr. 279.
With respect to the first requirement, the plaintiffs' argument that the defendant is not a health care provider is without merit. The plaintiffs argue that the enactment of § 2c-2b (a) (1) terminates the department of health's review of hearing aid dealers and, therefore, hearing aid dealers are not health care providers, pursuant to §52-190a. Section 2c-2b (a) (1) provides in relevant part: "The following governmental entities and programs are terminated, effective July 1, 200[8], [as amended by Public Acts 2001, No. 01-160] unless reestablished in accordance with the provisions of section 2c-10 . . . (1) Regulation of hearing aid dealers pursuant to chapter 398." In the present case, Dereck Blais' alleged injuries occurred on April 4, 2000, at which time, the defendant was, and still is, subject to regulation by the department of health, pursuant to General Statutes § 20-398.[5] Accordingly, the July 1, 2008 effective date for the termination of the regulation of hearing aid dealers is inapplicable to this cause of action and the defendant, pursuant to the § 29-398 (a) license requirement, and the definition of "health care provider" provided in § 52-184b (a), is a health care provider.
With respect to the second requirement of § 52-190a, "[t]he classification of a negligence claim as either medical malpractice or ordinary negligence requires a court to review closely the circumstances under which the alleged negligence occurred. [P]rofessional negligence or malpractice . . . [is] defined as the failure of one renderingprofessional services to exercise that degree of skill and learning CT Page 3126 commonly applied under all the circumstances in the community by the average prudent, reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . Furthermore, malpractice presupposes some improper conduct in thetreatment or operative skill [or] . . . the failure to exercise requisite medical skill . . . From those definitions, we conclude that the relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." (Citations omitted; emphasis in original; internal quotation marks omitted.) Trimel v. Lawrence Memorial Hospital RehabilitationCenter, supra, 61 Conn. App. 357-58. "The rule of law that distinguishes between medical malpractice and ordinary negligence requires a determination of whether the injury alleged occurred during treatment because of a negligent act or omission that was substantially related to treatment." Id., 360.
The court finds that the plaintiffs' allegations fall within the three factor test recited in Trimel v. Lawrence Memorial HospitalRehabilitation Center, supra, 61 Conn. App. 657-58. Specifically, the plaintiffs have sued the defendant as an entity. They are seeking damages from New England Center for Hearing Rehabilitation, LLC, and not from the individual person who fitted Dereck Blais with the ear molds. Furthermore, Dereck Blais was at the defendant's facility seeking treatment for the fitting of a hearing aid, which is a specialized practice licensed under § 20-398 (a). Finally, Dereck Blais' alleged injuries occurred during the fitting of the hearing aid, which is the treatment offered by the defendant. This treatment required that the defendant take ear molds of Dereck Blais. During the process, the plaintiffs allege that the defendant negligently implanted the ear mold fitted in the left ear, which became embedded in the ear canal. (Amended complaint, count one, ¶ 4(a).) The plaintiffs allege that the defendant negligently attempted to extract the ear mold, which subsequently broke apart during the extraction procedure, leaving behind a piece of the mold in the ear. (Amended complaint, count one, ¶ 4(b).) Accordingly, the plaintiffs allege a cause of action sounding in medical malpractice and not negligence.
Because the court finds that the defendant is a health care provider and that the plaintiffs have alleged a cause of action sounding in medical malpractice against the defendant and not negligence, the defendant has met the requirements of § 52-190a and, therefore, a CT Page 3127 good faith certificate is required. Accordingly, the defendant's motion to strike the entire amended complaint is granted.
 B
Because the plaintiffs may cure their defect with respect to the good faith certificate,[6] the court will address the defendant's motion to strike count three of the plaintiffs' amended complaint to spare the parties from relitigating this issue in the future.
In count three of the amended complaint, Debra Blais alleges a cause of action for negligent infliction of emotional distress. The defendant argues that because this is a medical malpractice action, Debra Blais has essentially alleged a cause of action for bystander emotional distress. The defendant moves to strike count three on the ground that Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice context and cites Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988), in support of its argument.
The plaintiffs contend that because count one of the amended complaint sounds in ordinary negligence and not medical malpractice, Maloney is inapplicable, and that count three properly alleges a cause of action for negligent infliction of emotional distress rather than a cause of action for bystander emotional distress.[7] The plaintiffs argue, in the alternative, that if the court concludes that this is an action in medical malpractice then the plaintiffs are still permitted to allege a cause of action for bystander emotional distress in a medical malpractice context and cite Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852
(1996), in support of their argument. Because the court has determined that count one of the amended complaint alleges a cause of action sounding in medical malpractice rather than negligence, it need not address the plaintiffs' first argument.
With respect to the plaintiffs' alternative argument, the Superior Courts are split as to whether Connecticut recognizes a cause of action for bystander emotional distress in medical malpractice actions. The courts in the first line of cases conclude that Maloney was not overruled by Clohessy and, therefore, Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice case. See Guarino v. Huttler, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 01 01456624 (August 23, 2002, Booth, J.);Rodrigues v. Danbury Hospital, Superior Court, judicial district of Danbury, Docket No. CV 01 0343892 (August 13, 2002, White, J.); Gustaitisv. Middlesex Hospital, Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 01 0095907 (July 9, 2002, Shapiro, J.); LillCT Page 3128v. Yale University, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 01 0450746 (June 18, 2002, Thompson, J.); Wattmanv. New Hartford Volunteer Fire Dept. Ambulance Service, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 00 0156795 (October 10, 2001, Rogers, J.) (30 Conn.L.Rptr. 554).
The courts in the second line of cases hold that Clohessy implicitly overruled Maloney and now a party is permitted to recover, under a set of limited factual circumstances, for bystander emotional distress in a medical malpractice case as long as the four factors enunciated inClohessy are satisfied. See Turner v. Obstetrics GynecologyAssociates of Stamford, Superior Court, judicial district of Stamford, Docket No. CV 98 0169616 (September 6, 2001, D'Andrea, J.T.R.); DeRosav. Master, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 99 0067788 (August 24, 2000, Nadeau, J.) (27 Conn.L.Rptr. 714); Bond v. Kalla, Superior Court, judicial district of New London-Norwich at New London, Docket No. CV 98 0144050 (October 19, 1998, Koletsky, J.) (21 Conn.L.Rptr. 682).
This court is in agreement with the overwhelming majority view found in the first line of cases and concludes that Maloney is still good law. The court finds, therefore, that Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice action. Thus, the plaintiff, Debra Blais, cannot recover for bystander emotional distress in a medical malpractice action. Accordingly, the defendant's motion to strike count three of the amended complaint is granted.
Foley, J.