GLORIA TRIMEL *v.* LAWRENCE AND MEMORIAL HOSPITAL REHABILITATION CENTER ET AL.
(SC 16493)

Norcott, Katz, Palmer, Zarella and Cutsumpas, Js.

Argued November 2—officially released December 11, 2001

*William F. Gallagher*, with whom, on the brief, was *Thomas J. Airone*, for the appellant (plaintiff).

*Michael E. Driscoll*, with whom, on the brief, was *Jeffrey F. Buebendorf*, for the appellees (defendants).

PER CURIAM. In this medical malpractice action, we granted the petition of the plaintiff, Gloria Trimel, for certification to appeal from the judgment of the Appellate Court affirming the trial court's granting of the motion for summary judgment filed by the defendants, Lawrence and Memorial Hospital Rehabilitation Center and Flanders Health Center. *Trimel* v. *Lawrence & Memorial Hospital Rehabilitation Center*, 61 Conn. App. 353, 364, 764 A.2d 203 (2001). At issue is whether the trial court properly concluded that the allegations concerning the plaintiff's fall from a wheelchair during a physical therapy session conducted on the defendants' premises asserted a claim of medical malpractice, rather than ordinary negligence, thereby requiring the filing of a certificate of good faith pursuant to General Statutes § 52-190a.[1] We granted certification limited to the following issue: "Did the trial court, in holding that all the plaintiff's claims sounded in medical malpractice rather than in ordinary negligence, usurp the function of a jury by deciding a question of fact in a summary judgment motion?" *Trimel* v. *Lawrence & Memorial Hospital Rehabilitation Center*, 255 Conn. 948, 769 A.2d 64 (2001).

Having reviewed the record on appeal and having considered the briefs and oral arguments of the parties, we conclude that the appeal in this case should be

---

[1] General Statutes § 52-190a (a) provides in relevant part: "No civil action shall be filed to recover damages resulting from personal injury . . . in which it is alleged that such injury . . . resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. . . ."

dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.