MICHAEL J. NICHOLS *v.* THE MILFORD PEDIATRIC
GROUP, P.C.
(AC 34221)

Lavine, Robinson and Borden, Js.

Argued January 9—officially released April 2, 2013

*John H. Harrington,* for the appellant (plaintiff).

*Jessica D. Meerbergen,* with whom, on the brief, was
*William J. Scully,* for the appellee (defendant).

ROBINSON, J. The plaintiff, Michael J. Nichols, appeals from the judgment of the trial court dismissing his action against the defendant, The Milford Pediatric Group, P.C., on the ground that the plaintiff failed to file a certificate of good faith and a written opinion letter from a similar health care provider as required by General Statutes § 52-190a (a). The plaintiff claims that he was not required to comply with § 52-190a because the alleged negligence did not constitute a claim of medical malpractice. We conclude that the plaintiff was required to comply with § 52-190a and, thus, affirm the judgment of the court.

The following facts as alleged in the operative amended complaint and procedural history are relevant to our disposition of this appeal. At the time of the alleged injuries, the plaintiff was a patient of the defendant for the purpose of obtaining a physical examination. As part of that examination, a medical assistant employed by the defendant collected a blood sample from the plaintiff "employing a finger-stick device." The medical assistant directed the plaintiff to sit upright on the edge of the examination table with his feet hanging down over the floor. While his blood was being collected, the plaintiff fainted and fell, face first, onto the floor of the examination room. The plaintiff's face struck the floor, damaging several teeth. A tooth also punctured his lip, and he suffered a severe facial laceration.

The plaintiff filed the underlying action against the defendant. The initial complaint consisted of a single count in which the plaintiff claimed that his injuries were foreseeable and caused by the defendant's negligence. He alleged that the defendant was negligent in that it failed to insure his safety, directed him to sit

upright on the examination table during the blood sampling process rather than to lie supine on the table, failed to properly train and supervise the medical assistant who drew his blood, failed to warn the plaintiff and failed to follow standard procedures used to safeguard patients during the blood sampling process. The defendant filed a motion to dismiss the complaint on the ground that the plaintiff had not attached to his complaint a certificate of good faith or a written letter from a similar health care provider in accordance with § 52-190a (a).

The plaintiff filed an objection to the motion to dismiss, arguing that he was not required to comply with § 52-190a (a) because his action sounded in ordinary negligence rather than medical malpractice. A few days later, the plaintiff filed a request for leave to amend his complaint attached to which was a copy of the proposed amended complaint.[1] The defendant objected to the court allowing the plaintiff to amend his complaint, arguing, inter alia, that the plaintiff was attempting to alter the nature of his claims to avoid dismissal. The court granted the request to amend. The amended operative complaint contained two counts—one captioned "negligent supervision" and the other invoking the doctrine of res ipsa loquitur. The amended complaint restated the allegations detailing the manner in which the defendant was negligent, including, inter alia, that the defendant failed to prevent any injury while on the defendant's premises, failed to properly train or

---

[1] The plaintiff included a certificate of good faith with his amended complaint, but not an opinion letter from a similar health care provider. Because § 52-190a (a) requires that both a good faith certificate and an opinion letter be included at the commencement of the action; *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113 Conn. App. 569, 581, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009); the plaintiff's continued failure to provide an opinion letter obviates the need for us to decide whether the inclusion of the missing good faith certificate with the amended complaint cured that particular defect.

supervise the employee who conducted the blood sampling and "failed to adequately train educate or instruct its staff to recognize a syncopic reaction to blood sampling and to prevent injury therefrom or provide an adequate response."

After conducting a hearing on the motion to dismiss, the court issued a memorandum of decision granting the motion on the basis of the plaintiff's failure fully to comply with § 52-109a (a), concluding that "[b]ecause the alleged negligence was substantially related to a medical diagnosis or treatment and involved the exercise of medical judgment, the court is constrained to conclude that the allegations in the complaint are those of professional negligence, despite the labels the plaintiff has applied to his claims." This appeal followed.

We begin by setting forth the standard of review we employ in considering the trial court's decision to grant the defendant's motion to dismiss. In reviewing a decision on a motion to dismiss, we "take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 711, 937 A.2d 675 (2007). Our Supreme Court has held that the failure of a plaintiff to comply with the statutory requirements of § 52-109a (a) results in a defect in process that implicates the personal jurisdiction of the court. See *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 401–402, 29 A.3d 451 (2011). Thus, where such a failure is the stated basis for the granting of a motion to dismiss, our review is plenary. See *Myrtle Mews Assn., Inc.* v. *Bordes*, 125 Conn. App. 12, 15, 6 A.3d 163 (2010) (challenge to personal jurisdiction of court presents question of law over which our review is plenary). Further, to the extent that our review requires us to construe the nature of the cause of action alleged in the complaint, we note

that "[t]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005).

The plaintiff's primary claim on appeal is that he was not obligated to comply with § 52-190a (a) because he was not alleging medical malpractice. He asserts that, rather than alleging medical malpractice, he sought to recover on a theory of ordinary negligence arising from the defendant's failure adequately to hire, to train and to supervise the employee who collected his blood sample. After closely reviewing the circumstances surrounding the allegations of negligence in the present case, we are not persuaded by the plaintiff's arguments.

Section 52-190a (a) provides in relevant part: "No civil action . . . shall be filed to recover damages resulting from personal injury . . . in which it is alleged that such injury . . . resulted from the negligence of a health care provider, unless the attorney or party filing the action . . . has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint . . . shall contain a certificate of the attorney or party filing the action . . . that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . . To show the existence of such good faith, the claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion."

In *Trimel* v. *Lawrence & Memorial Hospital Rehabilitation Center*, 61 Conn. App. 353, 764 A.2d 203, appeal

dismissed, 258 Conn. 711, 784 A.2d 889 (2001) (certification improvidently granted), this court was presented with an issue similar to the one now before us. The plaintiff in *Trimel,* who had fallen when she had tried to move herself unassisted from a wheelchair to an exercise mat in order to participate in a physical therapy session, filed an action against the hospital rehabilitation center and the affiliated physical therapy clinic, alleging that her injuries were the result of their negligence in allowing her to act unassisted. Id., 354–55, 358. The plaintiff did not file a good faith certificate as required pursuant to the predecessor of the current § 52-190a (a) and claimed that one was not required because she was suing the defendants on a theory of ordinary negligence, not medical malpractice. Id., 355. The trial court concluded to the contrary that the claims sounded in medical malpractice and, thus, a certificate of good faith was required. Id.

In affirming the trial court's decision in *Trimel,* this court established a three part test for determining whether allegations sound in medical malpractice, stating: "The classification of a negligence claim as either medical malpractice or ordinary negligence requires a court to review closely the circumstances under which the alleged negligence occurred. [P]rofessional negligence or malpractice . . . [is] defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . . Furthermore, malpractice presupposes some improper conduct in the treatment or operative skill [or] . . . the failure to exercise requisite medical skill . . . . From those definitions, we conclude that the relevant considerations in determining whether a claim sounds in medical malpractice are whether (1)

the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Trimel* v. *Lawrence & Memorial Hospital Rehabilitation Center*, supra, 61 Conn. App. 357–58; see also *Boone* v. *William W. Backus Hospital*, supra, 272 Conn. 562–63 (applying test as set forth in *Trimel*); *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113 Conn. App. 569, 576, 966 A.2d 813 (same), cert. denied, 292 Conn. 911, 973 A.2d 661 (2009).

In the present case, the plaintiff concedes that the first prong of the test set forth in *Trimel* has been met because he sued the defendant in its capacity as a professional medical service provider. His challenges instead focus on the two remaining prongs. According to the plaintiff, prong two is not met because the blood collection by the medical assistant was not of a specialized medical nature arising out of the medical professional-patient relationship. The plaintiff also argues that the negligence alleged was not substantially related to the plaintiff's treatment and did not involve the exercise of medical judgment so that the "case may be tried without any medical testimony whatsoever," and "a medical opinion is not only unnecessary, but would be superfluous." We disagree with the plaintiff's arguments and conclude to the contrary that, on the basis of the facts alleged, both prongs are satisfied.

Regarding the second prong, the plaintiff argues that the blood collection at the heart of his negligence claim was not of a specialized medical nature that arose out of a medical professional-patient relationship. The plaintiff contends that the negligence occurred "in the absence of any professional relationship." The plaintiff

alleged in his complaint, however, that he was injured at the defendant's offices while a patient of the defendant for the purpose of undergoing a physical examination. He specifically alleged that his injuries occurred during the course of that medical examination. A medical professional-patient relationship therefore existed at all relevant times.

The plaintiff nevertheless contends that the finger-stick method employed to collect his blood sample was a "wholly ministerial act" not performed by a medically trained professional,[2] thereby suggesting that the action that ultimately led to injuries alleged was not of a specialized medical nature. His argument, however, overlooks the fact that the blood collection at issue admittedly was conducted as part of the overall medical examination by the defendant. A physical examination is care or treatment that requires compliance with established medical standards of care and, thus, necessarily is of a specialized medical nature. Allegations of negligence directed toward the defendant's delegation of routine medical procedures performed as part of such an examination or the proper training of those agents who may be tasked with performing such procedures, such as the allegations raised by the plaintiff in the present action, directly relate to the medical treatment of the patient. On the basis of our review, we are left to conclude, as did the trial court, that the negligence alleged by the plaintiff was of a specialized medical nature arising out of a medical professional-patient relationship.

We next turn to the third prong of the test, which requires us to consider whether the negligence alleged

---

[2] As noted by the defendant in its brief, there are no allegations in the complaint regarding the medical training, or lack there of, of the employee who collected the plaintiff's blood sample. The complaint simply describes the employee as a "medical assistant."

was substantially related to medical diagnosis or treatment and involved the exercise of medical judgment. The negligence alleged by the plaintiff is that the defendant improperly trained and supervised the agent who collected the plaintiff's blood. As a result of that negligence, the defendant's agent allegedly failed to have the plaintiff lay supine on the examination table during the blood collection procedure and to recognize a "syncopic reaction to blood sampling," both of which failures allegedly resulted in the plaintiff's falling and injuring himself. The mere fact that the blood collection technique utilized in the present case may have been routine in nature and may or may not have been performed by a medically trained professional is of no matter to our analysis. We already have established that the blood collection at issue occurred as a part of a physical examination of the plaintiff by the defendant. A physical examination is related to medical diagnosis and treatment of a patient; therefore, any alleged negligence in the conducting of such an examination is "substantially related" to medical diagnosis or treatment. Further, whether the defendant acted unreasonably by allowing a medical assistant to collect blood samples unsupervised and in the manner utilized and whether it sufficiently trained its employee to ensure that any blood collection was completed in a safe manner, including imparting the knowledge necessary to recognize a "syncopic reaction to blood sampling," clearly involves the exercise of medical knowledge and judgment. Accordingly, we disagree with the plaintiff's assertion that any medical opinion would be unnecessary or superfluous.[3] We conclude that the third prong is also met.

---

[3] To prevail in the present case, the plaintiff would need to present evidence to the jury that the defendant's actions fell short of the professional standard of care. It follows, therefore, that we find no merit in the additional arguments raised by the plaintiff in his appellate brief that compliance with § 52-190a was not required in this case because applicable expert medical opinion evidence would not be necessary at trial to support his medical

On the basis of our consideration of the three prongs of the test to determine whether a claim sounds in medical malpractice, we conclude that the trial court properly characterized the plaintiff's complaint as a medical malpractice claim. We necessarily reach the additional conclusion that the plaintiff was required to satisfy the requirements of § 52-190a (a) by filing a good faith certificate and an opinion letter by a similar health care provider when he initiated this action. Because the plaintiff failed to comply fully with all of the requirements set forth in § 52-190a (a), we ultimately conclude that the court properly granted the defendant's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

malpractice claim and because the doctrine of res ipsa loquitur applies. See *Amsden* v. *Fischer*, 62 Conn. App. 323, 331, 771 A.2d 233 (2001) (expert testimony generally required in medical malpractice actions to establish both standard of care and breach of that standard); see also *Wilcox* v. *Schwartz*, 303 Conn. 630, 649 n.11, 37 A.3d 133 (2012) (doctrine of res ipsa loquitur permits jury to infer negligence only when no direct evidence of negligence introduced and doctrine ordinarily does not apply to medical malpractice claims).