******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOSEPH H. LAPIERRE III, SUCCESSOR EXECUTOR (ESTATE OF ISABELLA LAPIERRE) *v.* MANDELL AND BLAU, M.D.'S, P.C., ET AL.
## (AC 42948)

Lavine, Alexander and Flynn, Js.*

*Syllabus*

The plaintiff successor executor of the decedent's estate sought to recover damages from the defendants, a medical practice and three physicians, for injuries the decedent sustained when she allegedly fell off a table and, thereafter, out of a wheelchair while undergoing a magnetic resonance imaging (MRI) scan at the defendants' MRI facility. The plaintiff claimed that the decedent's injuries were caused by the defendants' negligence. The defendants filed a motion to dismiss the action on the ground that the trial court lacked personal jurisdiction over them because the plaintiff's claim sounded in medical malpractice, and, therefore, pursuant to the statute (§ 52-190a) that governs medical malpractice actions, he was required to attach to his complaint an opinion letter written and signed by a similar health care provider, which he failed to do. Following an evidentiary hearing, the trial court granted the defendants' motion to dismiss and rendered judgment dismissing the action, from which the plaintiff appealed to this court. *Held* that the trial court properly dismissed the plaintiff's action for failing to comply with § 52-190a; contrary to the plaintiff's claim that the allegations of his complaint sounded in ordinary negligence, and, therefore, the opinion letter requirement of § 52-190a did not apply, this court determined that the three prongs of the test set forth in *Boone* v. *William W. Backus Hospital* (272 Conn. 551) for determining whether a claim sounds in medical malpractice were met by the allegations of the complaint, as the defendants were sued in their capacities as medical professionals, the alleged negligence occurred during the course of an MRI procedure at the defendants' facility and, therefore, necessarily involved treatment of a specialized medical nature that arose out of the medical professional-patient relationship, and the alleged negligent conduct of the defendants in their execution of the MRI procedure and in monitoring the decedent related to the decedent's medical treatment and involved the exercise of medical judgment, as an MRI scan is a medical procedure, the proper execution of which involves the exercise of medical knowledge and judgment.

Argued September 21—officially released December 29, 2020

*Procedural History*

Action to recover damages for medical malpractice, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Hon. A. Susan Peck*, judge trial referee, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Robert J. Williams, Jr.*, for the appellant (plaintiff).

*David J. Robertson*, with whom, on the brief, was *Laura M. Glogovsky*, for the appellees (defendants).

*Opinion*

ALEXANDER, J. The plaintiff, Joseph H. LaPierre III, successor executor of the estate of Isabella LaPierre (decedent), appeals from the judgment of the trial court dismissing his action against the defendants, Mandell & Blau, M.D.'s, P.C., doing business as Open MRI of Connecticut, and physicians Alisa Siegfeld, Neal D. Barkoff and Richard Glisson, for lack of personal jurisdiction based on his failure to attach to his complaint an opinion letter from a similar health care provider as required by General Statutes § 52-190a.[1] On appeal, the plaintiff claims that the court erred in its determination because the complaint sounded in ordinary negligence, not medical malpractice, and therefore was outside the scope of § 52-190a. We are not persuaded and, accordingly, affirm the judgment of the trial court.

The following facts, as pleaded in the plaintiff's complaint, and procedural history are relevant to our resolution of this appeal. The complaint alleged that, on May 6, 2016, "the [decedent] was a patron of and scheduled for [a magnetic resonance imaging (MRI) scan] at the MRI facility [owned and/or controlled by the defendants] located . . . [in] Glastonbury . . . [and], while undergoing an MRI, was caused to fall off the MRI table and subsequently allowed to fall out of a wheelchair, thereby causing her to incur . . . injuries and losses . . . . " The complaint further alleged that the decedent's injuries and losses were caused by "the negligence and carelessness of the defendants, their agents and/or employees . . . . " Specifically, the complaint alleged, inter alia, that the MRI table was "devoid of restraints so that it rendered [the decedent's] use of it hazardous and dangerous"; that "the MRI table was defective and in disrepair so that it rendered [a] patron's use of it hazardous and dangerous"; that "the MRI table was not reasonably safe for the uses and purposes intended"; that "the defendants, in the exercise of reasonable care and inspection, should have known of these conditions and should have remedied the same, yet failed to do so"; that "the defendants negligently and carelessly allowed the MRI table to remain in use without restraints"; that "the defendants failed to warn the [decedent] and others lawfully on said premises of the lack of restraints on the MRI table"; that "the MRI table was insufficiently inspected, maintained and repaired, so that it rendered [a] patron's use of it hazardous and dangerous"; that "the defendants failed to hire properly fit and trained personnel"; that "the defendants failed to properly train and supervise their personnel"; and that "the defendants failed to monitor the [decedent] while she was a patron at the facility." The plaintiff did not attach an opinion letter to the complaint from a similar health care provider.

On July 5, 2018, the defendants filed a motion to dismiss and a memorandum of law in support thereof,

arguing that the court lacked personal jurisdiction over them. Specifically, they argued that the plaintiff's claim sounded in medical malpractice and that, pursuant to § 52-190a, the plaintiff was required to attach to the complaint an opinion letter written and signed by a similar health care provider.[2] The defendants further argued that the plaintiff's failure to do so deprived the court of personal jurisdiction over them. On November 28, 2018, the plaintiff filed a memorandum of law in opposition to the motion to dismiss, arguing that the complaint did not allege any breach of a medical standard of care or the exercise of medical judgment and that the test for what constitutes a claim for medical malpractice, as outlined in *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 562–63, 864 A.2d 1 (2005), had not been met. Therefore, he argued, the complaint sounded in ordinary negligence and an opinion letter was not required.

On December 3, 2018, the court heard arguments on the motion to dismiss and, on March 15, 2019, issued an order stating that an evidentiary hearing was required to address the jurisdictional issue. On April 26, 2019, the court held the additional hearing on the jurisdictional issue, and both sides presented further argument, but neither side elected to present any evidence. On April 30, 2018, the court issued its memorandum of decision granting the motion to dismiss, finding that the plaintiff had failed to establish that his complaint sounded in ordinary negligence, and, therefore, § 52-190a applied to the complaint, and the plaintiff failed to comply with the statutory requirements.

On appeal, the plaintiff claims that the court erred in granting the defendant's motion to dismiss. Specifically, he argues that the allegations of the complaint sounded in ordinary negligence, and, therefore, the requirements of § 52-190a, namely, the attaching of a written and signed opinion letter from a similar medical provider, did not apply. The defendants counter that § 52-190a does apply because the factors for determining whether a cause of action sounds in medical malpractice, as outlined in *Boone* v. *William W. Backus Hospital*, supra, 272 Conn. 562–63, are met by the allegations of the complaint. We agree with the defendants.

"The standard for reviewing a court's ruling on a motion to dismiss pursuant to Practice Book § 10-30 (a) (2) is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . Our Supreme Court has held that the failure of a plaintiff to comply with the statutory requirements of § 52-190a (a) results in a defect in process that implicates the personal jurisdiction of the court. . . . Thus, where such a failure is the stated basis for the granting [of] a

motion to dismiss, our review is plenary. . . . Further, to the extent that our review requires us to construe the nature of the cause of action alleged in the complaint, we note that [t]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." (Citation omitted; internal quotation marks omitted.) *Young* v. *Hartford Hospital*, 196 Conn. App. 207, 210, 229 A.3d 1112 (2020).[3]

The plaintiff argues that § 52-190a does not apply to his claim. We disagree. "[Section 52-190a] applies . . . when two criteria are met: the defendant must be a health care provider, and the claim must be one of medical malpractice and not another type of claim, such as ordinary negligence." Id., 211–12. "[T]he relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship, and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, supra, 272 Conn. 562–63; see also *Trimel* v. *Lawrence & Memorial Hospital Rehabilitation Center*, 61 Conn. App. 353, 358, 764 A.2d 203, appeal dismissed, 258 Conn. 711, 784 A.2d 889 (2001).

In the present case, the plaintiff concedes that the first prong of the test is met. We therefore focus our analysis on the second and third prongs.

The plaintiff first contends that the second prong of the test in *Boone* is not satisfied. He argues that the decedent's alleged fall from the MRI table was not of a specialized medical nature and that the "failure to strap the [decedent] to the MRI table, or let her fall off it . . . was not related to [her] care but was more of an administrative routine or procedure." He argues similarly with regard to the decedent's alleged fall from the wheelchair. The defendants argue that the complaint alleged that the negligence occurred during the course of the MRI procedure and, therefore, necessarily involved treatment of a specialized medical nature that arose during the medical professional-patient relationship. We agree with the defendants.

In *Nichols* v. *Milford Pediatric Group, P.C.*, 141 Conn. App. 707, 708, 64 A.3d 770 (2013), the plaintiff alleged that he had suffered injuries after he fell onto the floor of the examination room while his blood was being collected as part of a physical examination. This court determined that, because the alleged injuries occurred during a medical examination, a "medical professional-patient relationship . . . existed at all relevant times." Id., 714. This court further determined that, despite the plaintiff's argument that the "finger-stick

method employed to collect his blood sample was a 'wholly ministerial act' not performed by a medically trained professional," the alleged negligence was of a specialized medical nature because "the blood collection at issue admittedly was conducted as part of the overall medical examination by the defendant." Id. This court therefore concluded that the second prong had been met. Id.; see also *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113 Conn. App. 569, 577, 966 A.2d 813 (determining that second prong of *Boone* was satisfied where "the facts underlying the claim occurred solely in the context of the defendants' ongoing medical treatment of the plaintiff" and claim directly involved plaintiff's medical condition), cert. denied, 292 Conn. 911, 973 A.2d 661 (2009).

Recently, in *Young* v. *Hartford Hospital*, supra, 196 Conn. App. 216–17, this court determined that the professional-patient relationship requirement within the second prong was satisfied where the alleged injuries occurred while the plaintiff was in surgery. In that case, the alleged injuries resulted after a camera, attached to a robotic surgical system, fell on the plaintiff during an operation. Id., 209. This court determined that the professional-patient relationship was satisfied because "the injuries allegedly resulted from an occurrence during the plaintiff's surgery, and the performance of surgery inherently involves the establishment of a medical professional-patient relationship." Id., 216. Thus, because the alleged incident occurred during the performance of a medical procedure, the professional-patient relationship was present.

In the present case, the totality of the plaintiff's allegations of negligence occurred at the MRI facility. Paragraph 2 of the complaint alleged that, "at all times mentioned [in the complaint], the [decedent] was a patron of [the defendants] and scheduled for an MRI at the MRI facility . . . ." Paragraph 3 alleged that "the [decedent], *while undergoing an MRI*, was caused to fall off the MRI table and subsequently allowed to fall out of a wheelchair . . . ." (Emphasis added.) Like the physical examination in *Nichols* and the performance of surgery in *Young*, the allegations in the present case occurred in the context of the decedent's receiving medical treatment at the MRI facility.

The plaintiff argues that his allegations of negligence are not of a specialized medical nature but, instead, are of ordinary negligence because a layperson would be able to determine the safety issues related to the use of the MRI table. In support of this argument, he characterizes the allegations as not related to the decedent's care but as an "administrative routine or procedure." We disagree. As the court in *Nichols* v. *Milford Pediatric Group, P.C.*, supra, 141 Conn. App. 714, makes clear, conduct as part of an overall medical examination that "requires compliance with established medical stan-

dards of care" is of a specialized medical nature. In the present case, the plaintiff's allegations concern the proper handling and care of the decedent on an MRI table and in a wheelchair, all within the MRI facility. Each of the plaintiff's allegations are of a specialized medical nature because they are allegations of conduct occurring during the course of an MRI procedure and while the decedent was a "patron" of the facility. It is of no matter to our analysis that these actions arguably could be characterized as "routine" or "procedural" because they occurred in the context of the decedent's medical treatment by the defendants. We therefore conclude that the second prong of *Boone* is satisfied.

We turn next to the third prong, which requires us to determine if "the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, supra, 272 Conn. 563. The plaintiff argues that this prong is not met because the failure to take "reasonable precautions to ensure that medical equipment was safe and had proper restraints, that the . . . decedent was properly strapped to the MRI table and that the . . . decedent was properly monitored to prevent her fall from the wheelchair do not involve acts or omissions of a specialized medical nature or the exercise of medical judgment . . . ." We disagree.

In *Nichols* v. *Milford Pediatric Group, P.C.*, supra, 141 Conn. App. 715, this court concluded that the third prong was satisfied despite the plaintiff's arguments that the blood collection at issue was routine and therefore not substantially related to medical diagnosis or treatment or involving the exercise of medical judgment. This court stated: "The mere fact that the blood collection technique utilized in the present case may have been routine in nature and may or may not have been performed by a medically trained professional is of no matter to our analysis. We already have established that the blood collection at issue occurred as a part of a physical examination of the plaintiff by the defendant. A physical examination is related to medical diagnosis and treatment of a patient; therefore, any alleged negligence in the conducting of such an examination is 'substantially related' to medical diagnosis or treatment. Further, whether the defendant acted unreasonably by allowing a medical assistant to collect blood samples unsupervised and in the manner utilized and whether it sufficiently trained its employee to ensure that any blood collection was completed in a safe manner, including imparting the knowledge necessary to recognize a 'syncopic reaction to blood sampling,' clearly involves the exercise of medical knowledge and judgment." Id.

The plaintiff argues that *Nichols* is distinguishable from the present case because the complaint here does

not raise questions regarding "a medical decision made by the defendants but rather has alleged that medical equipment used by the defendants was defective and unsafe." We disagree. Integral to the plaintiff's allegations is the alleged failure of judgment by the defendants in their execution of the MRI procedure and alleged failure to monitor the decedent. An MRI scan is a medical procedure, the proper execution of which involves the exercise of medical knowledge and judgment. We therefore conclude that the third prong is met.

Because we have determined that the three prongs of *Boone* were met, we conclude that the trial court properly dismissed the plaintiff's action for failing to comply with § 52-190a.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority staus on this court as of the date of oral argument.

[1] The plaintiff's complaint alleges injuries sustained by the decedent on May 6, 2016. The decedent died on June 11, 2016. On November 1, 2016, the plaintiff was appointed successor executor of her estate and subsequently filed the complaint against the defendants.

[2] General Statutes § 52-190a provides in relevant part: "(a) No civil action . . . shall be filed to recover damages resulting from personal injury . . . in which it is alleged that such injury . . . resulted from the negligence of a health care provider, unless the attorney or party filing the action . . . has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint . . . shall contain a certificate of the attorney or party filing the action . . . that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . . To show the existence of such good faith, the claimant . . . shall obtain a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . .

"(c) The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

[3] The plaintiff argued in his reply brief and at oral argument before this court that it was not his burden to prove that the trial court had personal jurisdiction but, rather, that the burden of proof was on the defendants to support their motion to dismiss. We disagree. As this court recently stated in *Young* v. *Hartford Hospital*, supra, 196 Conn. App. 211, a case likewise addressing a motion to dismiss for failing to comply with § 52-190a, "[w]hen a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction. . . . In order to sustain the plaintiff's burden, due process requires that a trial-like hearing be held, in which [the plaintiff] has an opportunity to present evidence and to cross-examine adverse witnesses . . . ." (Internal quotation marks omitted.) Thus, the plaintiff bears the burden to demonstrate why § 52-190a does not apply and, therefore, to establish that the court had jurisdiction over the matter.